

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 9, 2022

**By ECF and Email**

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

> **Re:**     ***United States v. Carmine Sarnelli, a/k/a "Tony,"***
> **22 Cr. 116 (NRB)**

Dear Judge Buchwald:

In connection with the above-captioned case, and with the consent of defense counsel, the Government respectfully requests that the Court so order the proposed protective order governing production of discovery, which has been signed by the parties and is attached hereto as Exhibit A.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
David J. Robles
Assistant United States Attorney
Southern District of New York
(212) 637-2550

cc: All counsel of record (by ECF and Email)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **22 Cr. 116 (NRB)** |
| CARMINE SARNELLI,<br>a/k/a "Tony," | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would implicate the safety of others; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain discovery materials in this case may raise a particular risk of affecting the privacy and confidentiality of victims and witnesses. Disclosure material produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive

Disclosure Material." The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court. Defense counsel shall raise any disputes regarding designations to the Government and the parties shall attempt in good faith to resolve any such dispute prior to seeking Court intervention. To the extent that parties are unable to resolve any dispute regarding designation of material, the parties may petition the Court to resolve the issue.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendant; and

(d) Such other persons as hereafter may be authorized by the Court.

5. **Sensitive Disclosure Material** received by defense counsel or personnel for those conduct counsel is responsible **shall be maintained in a safe and secure manner solely by the**

2

**defendant's counsel**; shall not be possessed by the defendant, except in the presence of the defendant's counsel; and shall not be disclosed in any form by the defendant or his counsel except as set forth herein.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct or collateral appeal from any verdict in the above-captioned case; the period of direct or collateral appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

3

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ David J. Robles                    Date: 3/8/2022

Emily A. Johnson / David J. Robles
Assistant United States Attorneys

Christopher Gunther                        Date: 3/8/22
Counsel for Carmine Sarnelli

SO ORDERED:

Dated: New York, New York


THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

4